**FILED**
**Mar 19, 2025**
**10:04 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **RICARDO HERNANDEZ,** | ) | |
| **Employee,** | ) | **Docket No. 2024-50-4163** |
| **v.** | ) | |
| | ) | |
| **CARLOS LOPEZ, d/b/a** | ) | **State File No. 860227-2024** |
| **EMMANUEL TREE SERVICE,** | ) | |
| **Employer.** | ) | |
| | ) | |
| | ) | **Judge Joshua Davis Baker** |
| | ) | |

_____

## EXPEDITED HEARING ORDER
_____

On February 27, 2025, the Court held an expedited hearing on Mr. Hernandez's request for medical and temporary disability benefits, payment of past medical bills, and whether he is eligible for benefits from the Uninsured Employer's Fund. For the following reasons, the Court orders Mr. Lopez to pay Mr. Hernandez's past medical bills and pay for any additional medical care but denies temporary disability benefits at this time. The Court further holds that Mr. Hernandez is not eligible for benefits from the Uninsured Employer's Fund.

### Claim History

Mr. Hernandez worked for Emmanual Tree Service, which is owned by Carlos Lopez. On August 21, 2023, Mr. Lopez's nephew, Camilo, who was acting as Mr. Hernandez's supervisor, asked for help sawing a log. As Mr. Hernandez approached to help, his right hand accidentally hit against the "sawing machine."

Mr. Hernandez described a harrowing scene that followed, testifying he first noticed blood spraying onto Camilo but did not understand it was his own blood until glancing at his hand. Someone wrapped his hand to slow the bleeding, and he recalled collapsing from pain and begging for an ambulance.

1

Camilo called Mr. Lopez to the worksite but would not call an ambulance. After Mr. Lopez, who did not have workers' compensation insurance, arrived, the men put Mr. Hernandez in Mr. Lopez's truck and drove around to find a hospital, eventually taking him to an emergency clinic, which transported him to a larger hospital for care from hand surgeon Dr. Todd Rubin.

Dr. Rubin partially amputated Mr. Hernandez's right index finger and repaired severe lacerations to his right middle and ring fingers. Mr. Hernandez received follow-up care from Dr. Rubin and also treated at a clinic near his home in Shelbyville.

Mr. Lopez acknowledged that Mr. Hernandez was injured while working for him and said he tried to help him financially. He stopped though when he thought Mr. Hernandez was asking too much. According to both men, Mr. Lopez paid at least ten checks of $591, totaling $5,910 in temporary disability, and he also paid $2,571.10 directly to Dr. Rubin's practice, "Centennial HCO" (Hughston Clinic Orthopaedics), for medical care.

On June 18, 2024, Mr. Hernandez filed a petition seeking payment of medical bills, temporary disability benefits, and medical treatment.

Along with bills, Mr. Hernandez also filed a paystub from Emmanuel Tree Service to prove his wages. The paystub showed a pay rate of $20 per hour for 40 hours of work and ten hours of overtime at $30 per hour, totaling $866.14 after federal deductions.

However, the name of the employee on the paystub was "Nestor Rodriguez." At the hearing, both parties acknowledged Mr. Hernandez is not "Nestor Rodriguez" but that he used that name to get paid.

**Findings of Fact and Conclusions of Law**

Mr. Hernandez must show he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2024).

Mr. Lopez said he did not have workers' compensation insurance at the time of Mr. Hernandez's injury. He did not dispute the work accident, Mr. Hernandez's identity, or the employment relationship. He acknowledged that Nestor Rodriguez was the name used to pay Mr. Hernandez.

Despite Mr. Hernandez working under an assumed name, the statutory definition of an employee "includes every person . . . whether lawfully or unlawfully employed[.]" Tenn. Code Ann. § 50-6-102(10). Given this definition and the testimony of both parties, the Court finds an employment relationship existed. Also, Mr. Hernandez is likely to prevail at trial in proving he suffered a work injury based on the unrebutted proof.

2

The Court next considers Mr. Hernandez's request for temporary disability, medical benefits, and his eligibility to apply to the Uninsured Employers Fund.

Although Emmanuel did not have insurance, Hernandez is ineligible to apply for Fund benefits, as he did not notify the Bureau of an injury or Emmanuel's lack of coverage "within . . . one hundred eighty (180) days, after the date of the injury." *Id*. at -801(d)(4). He filed his petition ten months after his accident.

Turning to medical benefits, Mr. Hernandez is entitled to medical treatment "made reasonably necessary by accident." *Id*. at -204(a)(1)(A). Mr. Lopez acknowledged that he owes medical benefits, and he agreed to pay the medical bills. Based on that admission, the Court holds Emmanuel, through Mr. Lopez, is responsible for Mr. Hernandez's past and future medical treatment in the amount of $13,457.18 to be paid directly to the medical providers.

As for temporary total disability, an injured worker is eligible for these benefits if: (1) the worker became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

While Mr. Hernandez suffered a severe and disabling injury, he did not present an opinion from Dr. Rubin showing that he was temporarily disabled from working or for how long his disability lasted. Given insufficient proof, the Court cannot award temporary disability benefits at this time. However, nothing prevents Mr. Hernandez from collecting additional medical proof and renewing his claim for temporary disability benefits at another expedited hearing or at a compensation hearing.

**IT IS ORDERED** as follows:

1. Mr. Lopez shall pay for any further reasonable and necessary medical treatment, including physical therapy, for the work injury with Dr. Todd Rubin as the authorized treating physician.

2. Mr. Lopez shall pay $13,457.18 in medical bills directly to Mr. Hernandez's providers for reasonable and necessary treatment of the work injury.

3. Mr. Hernandez is not eligible to seek benefits from the Uninsured Employers Fund.

4. The Court declines Mr. Hernandez's request for temporary disability benefits at this time.

5. If Mr. Hernandez has questions about proving his claim for temporary disability benefits, he may seek limited legal advice from a Bureau attorney advisor by completing a Certificate of Non-Representation (CNR) form, found at https://www.tn.gov/content/dam/tn/workforce/documents/injuries/bureau-services-forms/LB-3252.pdf, and sending the completed form to wc.ombudsman@tn.gov.

6. The Court sets **a status hearing on Monday, June 16, 2025, at 10:00 a.m. Central Time.** The parties must call (615) 741-2113 or (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

7. Unless an interlocutory appeal of the expedited hearing order is filed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). The employer must submit confirmation of compliance with this order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this order. Failure to submit confirmation within seven business days may result in a penalty assessment for noncompliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED March 19, 2025.

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

## EXHIBITS

1. Mr. Hernandez's Rule 72 declaration translated into English
2. Photos of Mr. Hernandez's injury
3. Pay Stub for Nestor Rodriguez, dated August 18, 2023
4. Medical Bills
5. Expedited Request for Investigation
6. Medical records (TNComp Document ID 131550)

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on March 19, 2025.

| Name | Mail | Via Email | Service sent to: |
|---|---|---|---|
| Ricardo Hernandez, Employee | | X | velazquezhernandezricardo7@gmail.com |
| Emmanuel Tree Service, Carlos Lopez, Employer | | X | lopezcarlos3067@gmail.com |
| UEF | | X | Lashawn.pender@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the
Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-
stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*